Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Keith Johnson;** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Resurgent Capital Services, L.P.** | (Jury Trial Demanded) |
| Defendant. | |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* (hereinafter "TCPA"). Plaintiff seeks an award of statutory damages,

actual damages, court costs and attorney's fees.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person

|||
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §§ 1331, and supplemental jurisdiction under 28 U.S.C. § 1367.  Venue lies in the Prescott Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9. Plaintiff is an individual residing in Coconino County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant Resurgent Capital Services, L.P. is a foreign limited partnership doing business within the state of Arizona as a collection agency.
12. Resurgent is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905404.
13. Resurgent collects or attempts to collect debts owed or asserted to be owed or due another.
14. In the alternative, Resurgent collects or attempts to collect debts it has purchased or acquired after default.
15. Resurgent is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## V. FACTUAL ALLEGATIONS

16. In or about 2004, Plaintiff incurred a debt on a credit card account with HSBC, for personal, family or household purposes.
17. Plaintiff fell behind in his payments to HSBC and defaulted with a balance still owing.
18. The HSBC debt was allegedly sold or assigned after default to Resurgent for collection purposes.
19. Resurgent began reporting the HSBC account in January 2010 to Plaintiff's credit report(s).
20. Resurgent's falsely reported the HSBC account to Plaintiff's credit report with the "Type of Account"

-4-

listed as a "Mortgage," and with the additional notation that account was a "Conventional RE Mortgage."

21. In January 2010, Resurgent also started a campaign of phone harassment directed to Plaintiff by repeatedly calling him on his government issued work cellular phone in an attempt to collect the alleged debt.

22. Resurgent called Plaintiff on his work phone at least eight times between January 13, 2010 and March 5, 2010.

23. On at least three occasions, including during the second call received on January 13, 2010, Plaintiff told Resurgent that he could not accept personal telephone calls on his government issued work cellular phone, and asked Resurgent to cease all calls to that phone.

24. Despite his repeated notice to Resurgent that he could not accept personal calls from Resurgent on his work cellular phone, Resurgent continued to call his cellular phone in an attempt to collect the alleged debt.

25. During his conversations with Resurgent, Plaintiff made it clear that it was calling Plaintiff's work cellular phone and did not have permission to do so.

26. Upon information and belief, Resurgent used an automated telephone dialing system to place the calls to Plaintiff's work cellular phone.
27. At no time had Plaintiff give Resurgent permission to call him on his work cellular phone.
28. Despite actual knowledge that it was calling a cellular phone, Resurgent continued to use an automated telephone dialing system to place calls to Plaintiff on his work cellular phone.
29. Resurgent's actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.
30. In the alternative, Defendant's actions were negligent.

## VI.   Causes of Action

### a.   Fair Debt Collection Practices Act

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
32. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(3), 1692d(5), 1692(2)(A), 1692e(10), and 1692g.

### b.   Telephone Consumer Protection Act

33. Plaintiff repeats, realleges, and incorporates by

1    reference the foregoing paragraphs.
2  34. The TCPA prohibits telephone solicitation once the recipient of the calls makes a demand the defendant stop calling.
3  35. Resurgent continued to place automated telephone calls to Plaintiff knowing that it was calling a cellular phone it did not have permission to call.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)  Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b)  Actual damages in amount to be determined at trial;

c)  Statutory damages of $500 per call pursuant to 47 U.S.C. § 227b(3)(B);

d)  Treble statutory damages pursuant to 47 U.S.C. § 227b(3)(B);

e)  Costs and reasonable attorney's fees pursuant to §1692k; and

f)  Such other relief as may be just and proper.

DATED    November 4, 2010   .

                           s/ Floyd W. Bybee
                         Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff